PROB. 12B
(7/93)

# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 30 2006

at 3 o'clock and __ min. __M
SUE BEITIA, CLERK

## United States District Court

### for the

### DISTRICT OF HAWAII

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: ALBA W. HALL                Case Number: CR 03-00204HG-01

Name of Sentencing Judicial Officer:   The Honorable Helen Gillmor
                                        Chief U.S. District Judge

Date of Original Sentence: 11/3/2003

Original Offense: Bank Robbery, in violation of 18 U.S.C. § 2113(a), a Class C felony

Original Sentence: 30 months imprisonment to be followed by 3 years supervised release. The following special conditions were ordered: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office; 4) That the defendant is prohibited from the possession of and use of alcohol; 5) That the defendant shall cooperate in the collection of DNA as directed by the probation officer; and 6) That the restitution of $100 is due immediately to American Savings Bank, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest, if applicable, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

Supervision Modified: On 5/17/2005, the Court modified supervised release due to the subject's lack of resources and imposed the following special condition: 7) That the defendant serve up to 180 days of community confinement in a community corrections center such as

Prob 12B
(7/93)

2

Mahoney Hale at the discretion and direction of the Probation Office. While serving the term of community confinement, the defendant may obtain employment and participate in any treatment program as approved and directed by the Probation Office.

<u>Type of Supervision:</u> Supervised Release   <u>Date Supervision Commenced:</u> 6/24/2005

## PETITIONING THE COURT

[✓]   To modify the conditions of supervision as follows:

*That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.*

8.   *That the defendant participate in mental health treatment at the discretion and direction of the U.S. Probation Office.*

9.   *That the defendant shall participate in a Community Corrections Center (CCC) for a period not to exceed 180 days. While at the CCC, the defendant shall participate in all programs and shall be employed. The defendant may be released from the CCC at the discretion and direction of the Probation Office.*

10.  *That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Special Condition No. 4 | On 1/17/2006 and 1/22/2006, the subject possessed and consumed alcohol. |

On 6/24/2005, the subject was released from federal custody to Mahoney Hale pursuant to Special Condition No. 7. While at Mahoney Hale he progressed and seemed to successfully reintegrate into the community. Specifically, he was able to secure employment and maintain his sobriety. As a result, on 12/13/2005, he was released from Mahoney Hale to his own apartment. However, since leaving the

Prob 12B
(7/93)

3

structure of Mahoney Hale, the subject has failed to maintain his sobriety and appears to be struggling with mental health issues.

On 1/17/2006, the subject's brother, John Mann, contacted this officer and indicated that he was unable to contact the subject. Mr. Mann was visiting Hawaii and wanted to meet the subject. He learned from the subject's employer that the subject did not report to work for over two weeks and his whereabouts were unknown. As a result, he contacted our office and expressed his concern about his brother's welfare and related that the subject has attempted suicide in the past.

Later that day, this officer conducted an unannounced home inspection at the subject's apartment. The apartment was completely disheveled and there was a pungent odor within the apartment. The subject admitted that he had not taken a shower for over one week and that he was "just rotting" in his apartment. This officer observed feces on the subject's pants, on and around the toilet bowl, and old rotten food lying on the floor. Furthermore, this officer observed a half empty case of Bud Light beer in the shower stall. The subject admitted going on a severe drinking binge. Regarding his mental stability, the subject stated that he is agoraphobic and has confined himself to his apartment for the past two weeks. He agreed that he could benefit from mental health treatment. The subject denied having any thoughts of suicide.

As background information, the subject was denied State of Hawaii Adult Mental Health benefits back in August of 2005 because he was not diagnosed with eligible mental health issues. He was diagnosed as having a personality disorder. On 1/18/2006, the subject was referred to see Dr. Stephen S.F. Choy, psychologist, for a mental health assessment. Dr. Choy also indicated that the subject does not have any indication of psychosis. However, he noted that the subject is struggling with major depression and binge drinking. He recommends a dual-diagnosis treatment program such as Po'ailani and close supervision.

On 1/23/2006, the subject reported to the Probation Office and reeked of alcohol. He admitted that he is unable to stop his drinking and needs to detoxify immediately. He admitted drinking a pint of Vodka on 1/22/2006 despite this officer's intervention. The subject acknowledged that he is drinking himself to death and that he can't stay away from alcohol. He agreed that he could benefit from residing in a clean and sober environment that would not allow him to hide his drinking problems.

Due to the subject's inability to qualify for State of Hawaii benefits and lack of health insurance, we have been struggling to secure appropriate treatment. Po'ailani has a wait list and they recommend that the subject secure mental health funding from the State of Hawaii. Given the subject's mental and physical deterioration, we are working with him to appeal to the State of Hawaii Adult Mental Health Services for another evaluation for benefits. In the meantime, the subject has enrolled in the Salvation Army Adult Treatment Services (SAATS) 7-Day Detoxification program on 1/23/2006. Upon the completion of detox, SAATS will help seek additional care and/or placement.

Prob 12B
(7/93)

4

Based on the subject's violations and current situation, we respectfully recommend that the Court modify the subject's supervised release by imposing a number of additional conditions. First, in light of the United States v. Stephens ruling, the proposed modification of the mandatory drug testing condition (General Condition) would allow our office to continue drug testing for the duration of supervision. Second, the proposed mental health special condition will allow our office to place the subject in various treatment modalities and enforce any recommended treatment regimen. Third, placement back into a Community Corrections Center (CCC) would provide the subject with a structured living environment that is essential to his successful reintegration into the community. This will also provide a stable residence as the subject seeks mental health and substance abuse treatment. Lastly, the search condition will allow our office to closely monitor the subject's progress, and ensure that he is in compliance with the conditions of supervision.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The U.S. Attorney's Office has been notified of the proposed modifications. On 11/10/2004, Assistant Federal Public Defender Loretta A. Faymonville was released as the subject's attorney in this case, and there is no attorney of record assigned at this time.

Respectfully submitted by,

JONATHAN K. SKEDELESKI
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 1/24/2006

Prob 12B
(7/93)

5

THE COURT ORDERS:

[ ✓ ]   The Modification of Conditions as Noted Above
[ ]     Other

_____
HELEN GILLMOR
Chief U.S. District Judge

_____1·29·06_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]   To extend the term of supervision for years, for a total term of years.
[X]   To modify the conditions of supervision as follows:

> *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.*

8.   *That the defendant participate in mental health treatment at the discretion and direction of the U.S. Probation Office.*

9.   *That the defendant shall participate in a Community Corrections Center (CCC) for a period not to exceed 180 days. While at the CCC, the defendant shall participate in all programs and shall be employed. The defendant may be released from the CCC at the discretion and direction of the Probation Office.*

10.  *That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

Witness: _____     Signed: _____
JONATHAN K. SKEDELESKI                                          ALBA W. HALL
U.S. Probation Officer                                                    Supervised Releasee

_____
1-23-06
Date